Shauck, J.
The judgment of the court of common pleas is said to be erroneous because the individual liability of stockholders is incident only to such demands against the corporation as arise out of its contracts, not extending to such as sound in tort. This claim of counsel is fully supported by Cook on Stock and Stockholders, sec. 220, but even the authorities cited by the author show, that his statement of the measure of the stockholders liability is not true as a universal rule. Those cases show that owing to different provisions of the statutes fixing the liability, widely different conclusions have been reached by courts of last resort.
It is further argued that the word “dues” used in our constitution and in the statute under consideration was borrowed from the constitution of New York, and that by previous authoritative cunstruction in that state the meaning of the word had been restricted to such liabilities of the corporation as arise out of its contracts. Heacock et al. v. Sherman, 14 Wen. 58. This case was decided in 1885, but it did not involve an interpretation of the constitutional provision upon this subject. The constitution of New York established no minimum liability, but conferred upon the legislature a general authority to fix the liability of stockholders. In the case referred to, the court was concerned only with the meaning of a statute which made stockholders liable for “ debts contracted by the corporation.” It was the provisions of the statute, not the terms of the constitution which led to the conclusion that the stockholder was not liable for a demand against the corporation sounding in tort. Indeed, the opinion concedes that the word “demand” used in the statute would have required a different conclusion if its meaning had not been restricted by the phrase limiting the liability to debts contracted.
J. V. Lee, for plaintiff in error.
Chas. E. Burr and T. M. Livesay, contra.
There seems to' be no reason why the word “ dues” as used in our constitution and in this statute should be denied its natural force. A more comprehensive term could not have been chosen. It embraces every form of obligation which courts recognize and enforce — everything which the law requires to be paid.
Judgment affirmed.